# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF DISCIPLINE OF JOSEPH S. MELORO, BAR NO. 12256. | No. 72945 |
| IN THE MATTER OF DISCIPLINE OF JOSEPH S. MELORO, BAR NO. 12256. | No. 74186 |

FILED

MAR 23 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF REMAND

Docket No. 72945 is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Joseph S. Meloro be suspended for one year from the date of this court's order for violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.16 (declining or terminating representation), RPC 8.1 (disciplinary matters), and RPC 8.4 (misconduct). The panel also recommended this court order Meloro to pay his client $2,500 in restitution and pay the actual costs of the disciplinary proceedings, including $2,500 under SCR 120.

Docket No. 74186 is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for Meloro. Under the agreement, Meloro admitted to violating RPC 1.16 (declining or terminating representation) and RPC 8.1 (disciplinary matters) and agreed to a one-year

suspension to run concurrent with the one-year suspension recommended in Docket No. 72945, with both suspensions commencing retroactively on June 1, 2017. The parties also agreed that Meloro would accept any fee dispute program's decision, and he would pay the actual costs of the disciplinary proceeding plus $2,500 under SCR 120 within one year of this court's decision. Further, Meloro would be required to be evaluated by a psychiatrist and deemed competent to practice law as a condition precedent to his reinstatement.

After Docket No. 72945 was docketed in this court, Meloro and the State Bar stipulated to the consolidation of these two matters before the disciplinary board. No such stipulation or request to consolidate the matters was filed in this court. The conditional guilty plea agreement in Docket No. 74186 acknowledges the recommended one-year suspension in Docket No. 72945, but it does not acknowledge the payment of restitution or costs that were recommended in Docket No. 72945. Additionally, the conditional guilty plea agreement provides that the concurrent suspensions will commence retroactive to June 1, 2017, but the recommended discipline in Docket No. 72945 did not include a retroactive start date for the suspensions. Further, in Docket No. 74186 Meloro presents evidence of personal and medical issues, which may have changed the panel's recommended discipline in Docket No. 72945 if a default had not been entered.

Because the recommended discipline in Docket No. 72945 conflicts with the agreed-to discipline in Docket No. 74186, which was consolidated with Docket No. 72945 before the disciplinary board, we remand these matters for the panel to clarify the scope of the plea

agreement and whether it was intended to globally address both matters, such that an order setting aside the default in Docket No. 72945 is necessary.[1]

It is so ORDERED.[2]

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                                Gibbons

_____, J.          _____, J.
Pickering                             Hardesty

_____, J.          _____, J.
Parraguirre                           Stiglich


cc:    Chair, Southern Nevada Disciplinary Board
       Law Firm of Telia U. Williams
       C. Stanley Hunterton, Bar Counsel, State Bar of Nevada

---

[1]This court's records indicate the Meloro has been administratively suspended since April 17, 2017, for noncompliance with annual minimum continuing education requirements as provided in SCR 212(5). *In re Administrative Suspension of Non-Compliant Members*, Docket No. 72827 (Order of Suspension, April 17, 2017).

[2]This order constitutes our final disposition of these matters. Any further proceedings involving Meloro shall be docketed as a new matter.